IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF THE VIRGIN ISLANDS
ST. CROIX, VIRGIN ISLANDS

| | |
|---|---|
| IN RE COSMOGONY II, INC.,<br><br>Involuntary Debtor. | Case No. 1:22-bk-10001-MFW<br>Involuntary Chapter 7 |

**PETITIONING CREDITOR GLENCORE LTD.'S MOTION FOR
ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004
DIRECTING APPEARANCE FOR ORAL EXAMINATION
AND PRODUCTION OF DOCUMENTS AND MATERIALS**

Petitioning creditor Glencore Ltd. ("Glencore") respectfully submits this motion (the "Motion") pursuant to section 105(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2004-1 of the Local Bankruptcy Rules of the District Court for the Virgin Islands, Bankruptcy Division (the "Local Rules") for entry of an order, substantially in the form attached as **Exhibit A**, (a) directing certain examinees identified herein (collectively, the "Examinees") to appear for examination by Glencore in connection with the subject matters for examination set forth in **Exhibit B** and (b) directing the Examinees to produce the documents set forth in **Exhibit C**. In support of the Motion, Glencore respectfully states as follows:

**BACKGROUND[1]**

1.     Between 2020 and 2022, Russell Pate, Esq., as counsel, filed a series of closely-related, nearly identical tort lawsuits in the U.S. Virgin Islands against Cosmogony II, Inc. ("Cosmogony"), Glencore, and others (collectively, the "Lawsuits"). (*Declaration of Eliot Lauer*

---

[1] The facts contained herein are limited to those most relevant to the Motion. For a more detailed discussion of the facts leading up to the filing of this Chapter 7 Case, see *Petitioning Creditor Glencore Ltd.'s Opposition to BC Litigants' (I) Objection to Entry of Order for Relief; and (II) Motion to Dismiss Involuntary Bankruptcy Case* [Docket No. 66] (the "Glencore Opposition").

1

*in Support of Petitioning Creditor Glencore Ltd.'s Opposition to BC Litigants' (I) Objection to Entry of Order for Relief; and (II) Motion to Dismiss Involuntary Bankruptcy Case* [Docket No. 67] (the "Lauer Declaration"), ¶ 3.) The plaintiffs in the Lawsuits (collectively, the "Plaintiffs") claim to be former workers, or family members of former workers, at the Alumina Refinery on St. Croix (the "Refinery"), which was owned and operated by the Virgin Islands Alumina Company ("VIALCO"), an indirect subsidiary of Glencore. (*Id.* ¶ 4.)

2. The Lawsuits allege in conclusory terms that Cosmogony's corporate predecessor, General Engineering Corporation ("GEC"), performed maintenance services at the Refinery, allegedly causing harm to the Plaintiffs. (*Id.* ¶¶ 4-5.) The Lawsuits seek money damages for GEC's and Glencore's alleged negligence from approximately 1990 through 1995 with regard to workplace dusts at the Refinery, allegedly causing lung injury to the Plaintiffs. (*Id.* ¶ 6.)

3. At the time the Lawsuits were filed, Glencore understood and believed that Cosmogony was a defunct corporation that had not been in operation for approximately 20 years, and had no discernable assets to satisfy a judgment. (*Id.*) On that basis, Glencore perceived Mr. Pate's clients, the BC Litigants, naming Cosmogony as a ploy to destroy diversity of citizenship and thereby block removal to the District Court. On this basis, Glencore removed numerous Lawsuits to the District Court. (*Id.*)

4. In response to the notices of removal, the BC Litigants disputed that Cosmogony was an empty shell devoid of assets. Mr. Pate expressly represented the following to the District Court:

> Through ***diligent research***, plaintiffs ***have discovered*** that Cosmogony, II, Inc., ***has legacy insurance policies*** which will provide an avenue of monetary recovery for the Plaintiffs.

*\*\*\**

2

> Cosmogony II, Inc., **has applicable insurance, up to one million dollars per occurrence**, which should provide **recovery for many clients** suffering from occupational lung scarring from alumina, asbestos and bauxite dusts from aluminum [sic] plant. Evidence of prior insurance agreements for the former predecessor of Cosmogony II, Inc., is attached as **Exhibit G**. ***This insurance will be the tip-of-the-iceberg*** as contractors usually had multiple and stacked coverage. Other lung scarring cases which name Cosmogony II, Inc., pend in Superior Court. In some of those cases, the Superior Court has already issued Orders of Default on the same set of operative facts.

(*Id.* ¶ 7 & Ex. 2 at 3 n.3, 4-5 (emphasis added).) Mr. Pate made similar representations in *John v. Glencore Ltd.* et al. (Lauer Decl. ¶ 7 & Ex. 3 at 4-5 ("Cosmogony II, Inc., ***has applicable insurance, up to one million dollars per occurrence***, which should provide recovery for many clients suffering from occupational lung scarring from alumina, asbestos and bauxite dusts from aluminum [sic] plant." (emphasis added)).)

     5.     The document Mr. Pate chose to attach to his court filing as Exhibit G consisted of: a fax cover sheet from GEC to VIALCO; a 1991 Certificate of Insurance (the "COI") for a policy (the "Policy") issued by General Accident Insurance Company of Puerto Rico Ltd. ("GAIPR"); and a single page of a larger agreement between GEC and VIALCO containing an indemnity provision. (Lauer Decl. ¶ 8 & Ex. 2 at sub-Ex. G.) The COI indicated that the Policy provided coverage of $1 million per occurrence in the event of bodily injury. In light of the fact that the COI was, by its express terms, in effect for one year, and that the complaints in the Lawsuits allege that GEC performed services at the Refinery throughout virtually all of the relevant time period (*e.g.*, Lauer Decl. ¶¶ 4-6 & Ex. 1, ¶¶ 6-8, 51-58), it is reasonable to conclude that the Policy was just one of several.

     6.     In January 2022, Glencore hired an investigator, Isabel Abislaiman, an attorney in Puerto Rico, to investigate GAIPR, and to try to determine what had happened to the Policy. (*Id.* ¶ 16; *Declaration of Isabel Abislaiman* [Docket No. 67-10] (the "Abislaiman Declaration"), ¶ 2.) Limited in her ability, without subpoena power, to obtain documents and information, Ms.

Abislaiman was unable to locate or to reach any conclusion regarding the Policy. (Lauer Decl. ¶ 16; Abislaiman Decl. ¶¶ 3, 30.) By April of 2022, it had become apparent that Ms. Abislaiman's investigation would not yield a conclusive result. (Lauer Decl. ¶ 16; Abislaiman Decl. ¶¶ 3, 30.)

7. As a creditor with a qualifying claim, on June 13, 2022, Glencore filed a petition with United States Bankruptcy Court for the District of Puerto Rico (the "Puerto Rico Court") to place Cosmogony into involuntary bankruptcy under Chapter 7 of the Bankruptcy Code (the "Chapter 7 Case"). Glencore filed the Chapter 7 Case in Puerto Rico because the Policy – to the best of Glencore's knowledge, Cosmogony's principal asset, and the only concrete asset identified by Mr. Pate – had been issued by a Puerto Rican insurance company (GAIPR) and thus was ostensibly located in Puerto Rico. (Lauer Decl. ¶ 17 & Ex. 11 at 12-14)

8. On August 2, 2022, the Puerto Rico Court entered an order to show cause (the "OTSC") directing Glencore to show why, *inter alia*, the Puerto Rico Court should not dismiss the Chapter 7 Case or transfer it to the Virgin Islands. (Lauer Decl. ¶ 20 & Ex. 13 at 2.)

9. On August 16, 2022, Glencore filed its response to the OTSC, explaining the need for the appointment of a Chapter 7 Trustee to locate and marshal Cosmogony's assets for the benefit of all creditors. (Lauer Decl. ¶ 22) Glencore's OTSC response was further supported by the expert report of Mr. Fermin M. Contreras Gomez, a former Commissioner of Insurance of Puerto Rico, professor of insurance law, and an expert on insurance industry practices. (Lauer Decl. ¶ 23 & Ex. 15 ¶ 12.) In his report, Mr. Contreras Gomez opined, to a reasonable degree of insurance industry certainty, that the Policy is an "occurrence" policy, which does not expire despite the passage of time. (Lauer Decl. Ex. 15 ¶¶ 24-25.) Accordingly, if a Chapter 7 Trustee is able to locate the Policy and any others that exist, they will likely cover the claims at issue in the Lawsuits.

4

10. On November 9, 2022, after reviewing Glencore's OTSC response, the Puerto Rico Court transferred Chapter 7 Case to the District Court of the Virgin Islands, Bankruptcy Division, St. Croix, Virgin Islands (the "Court"), as the Puerto Rico Court found that venue was proper in this Court. (Lauer Decl. Ex. 16 at 18.)

11. On January 6, 2023, the BC Litigants filed the *BC Litigants' (I) Objection to Entry of Order for Relief; and (II) Motion to Dismiss Involuntary Bankruptcy Case* [Docket No. 59] (the "BC Litigants Objection"), seeking to have the Court decline to enter an order granting relief under Chapter 7 of the Bankruptcy Code or, in the alternative, to have the Court dismiss the Chapter 7 Case.

12. On January 12, 2023, Glencore filed the Glencore Opposition, setting forth in detail why the BC Litigants Objection should be denied and why the Court should enter an order for relief under Chapter 7 of the Bankruptcy Code.

13. On January 19, 2023, the Court: (a) issued a proceeding memo [Docket No. 71] denying the BC Litigants Objection; and (b) entered an order [Docket No. 72] granting relief under Chapter 7 of the Bankruptcy Code.

14. On January 24, 2023, the United States Trustee, Region 21 (the "U.S. Trustee"), appointed Kevin D'Amour as Trustee in the Chapter 7 Case [Docket No. 75].

15. At this juncture, Glencore does not know whether the Policy remains extant, or whether there are other insurance policies in additional amounts for Cosmogony's benefit, whether in Puerto Rico or elsewhere, that may supplement the estate's assets. It is necessary for the Trustee to investigate the Policy and any other potential assets, and to determine what value, if any, remains for the benefit of creditors, and how best to manage the Lawsuits.

16. Based on the foregoing, Glencore has identified the Examinees as the most likely custodians of relevant information regarding the Policy and any other potential assets of Cosmogony. The Examinees are: (a) Eugenio Geigel, former counsel to GEC; (b) GS Law Offices, P.C., Mr. Geigel's law firm; (c) the Puerto Rico Insurance Commissioner's Office (the "Commissioner's Office"); (d) Glorimar Santiago, as Auxiliary Commissioner of the Commissioner's Office, or any individual currently serving as Auxiliary Commissioner of the Commissioner's Office; (e) IMS Insurance Company of Puerto Rico, Inc. ("IMS") and any affiliated entities or successors in interest, as transferee of certain insurance policies from GAIPR; (f) Seguros Triple S, Inc. and any affiliated entities or successors in interest, as the transferee of certain insurance policies from IMS; and (g) Orlando Montano of Corona Insurance Group, as equity holder of IMS.[2]

## JURISDICTION AND VENUE

17. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

18. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Glencore confirms its consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

---

[2] Glencore additionally sought to serve discovery requests pursuant to Rule 2004 on GAIPR and any affiliated entities or successors in interest, as the alleged insurer under the Policy. However, Glencore was unable to confirm the corporate existence of this entity. In addition, Glencore served discovery requests on Russell Pate, as counsel to the Plaintiffs in the Lawsuits, and the Pate Law Firm, Mr. Pate's law firm. Mr. Pate – in his individual capacity and on behalf of his firm – timely responded to the discovery requests and participated in a deposition. Accordingly, Glencore does not seek to compel discovery from Mr. Pate or his law firm by this Motion.

**RELIEF REQUESTED**

19.  Pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 2004, and Local Rule 2004-1, Glencore requests that the Court enter an order, substantially in the form attached as **Exhibit A**, (a) directing the Examinees to appear for examination by Glencore in connection with the subject matters for examination set forth in **Exhibit B** and (b) directing the Examinees to produce the documents set forth in **Exhibit C**.

**BASIS FOR RELIEF**

20.  Under section 105(a) of the Bankruptcy Code, courts maintain broad equitable powers to fashion an order or decree in aid of the enhancement of the value of debtors' estates for the benefit of all stakeholders. 11 U.S.C. § 105(a). Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). An examination under Bankruptcy Rule 2004 may be made of any entity with knowledge of "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . . and any other matter relevant to the case or to the formulation of a plan." *See* Fed. R. Bankr. P. 2004(b); *In re Wash. Mut., Inc.*, 408 B.R. 45, 49-50 (Bankr. D. Del. 2009).

21.  Counsel for Glencore has conferred with the Trustee regarding the relief requested in this Motion. The Trustee has represented that he does not oppose the relief requested herein. In addition, Mr. Pate has represented that his clients do no oppose the relief requested herein.

22.  "The clear intent of Rule 2004 . . . is to give the parties in interest an opportunity to examine individuals having knowledge of the financial affairs of the debtor in order to preserve the rights of creditors." *In re GHR Cos., Inc.*, 41 B.R. 655, 660 (Bankr. D. Mass. 1984).

7

"Legitimate goals of Rule 2004 examinations include discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Wash. Mut., Inc.*, 408 B.R. at 50 (Bankr. D. Del. 2009) (internal quotation marks omitted). Generally, the scope of a Rule 2004 examination available to Glencore in the Chapter 7 Case is "unfettered and broad" and has been likened to a "fishing expedition." *Id.* at 49-50 (internal quotation marks and citations omitted); *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016); *In re East West Resort Development V, L.P., L.L.L.P.*, 2014 WL 4537500, at *7 (Bankr. D. Del. Sept. 12, 2014). Notably, discovery under Bankruptcy Rule 2004 is "broader than discovery under the Federal Rules of Civil Procedure, and has fewer procedural safeguards." *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991); *In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002) ("[T]he scope of examination allowed under Bankruptcy Rule 2004 is broader than discovery allowed under the Federal Rules of Civil Procedure and may be in the nature of a fishing expedition.") (internal quotation marks omitted); 9 Collier on Bankruptcy ¶ 2004.01[1] (16th ed. 2019).

23.  As stated herein, Glencore has worked diligently, with the assistance of advisors and various investigative resources, to confirm the existence of the Policy and any additional assets of Cosmogony that may be distributed to its stakeholders. However, given the lack of information available to date, it is necessary to seek Court approval to compel discovery from the Examinees identified herein. Allowing Glencore to seek the discovery requested herein is central to the purpose of this Chapter 7 Case. (*see* Glencore Opposition, p. 3) ("Glencore filed the involuntary petition only after concluding that private investigative work would not be effective, and that the appointment of a Chapter 7 Trustee – with accompanying subpoena and other powers – would be the most efficient, effective, and equitable method for identifying, protecting, and distributing

Cosmogony's assets."). The Examinees are the persons most likely to have the knowledge and information necessary to assist in locating and safeguarding estate assets, and the scope of the information and documents requested is limited to matters most relevant to Cosmogony's business affairs and the Chapter 7 Case. Accordingly, the discovery sought by this Motion is necessary to the effective administration of Cosmogony's estate and in the best interest of all stakeholders.

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 2004-1

24.     Glencore has engaged, or attempted to engage, in a cooperative meet and confer process to obtain information from the Examinees on a voluntary basis. Glencore sent letters to each of the Examinees attaching Bankruptcy Rule 2004 requests, requesting the production of documents and information, and seeking to meet and confer. To date, none of the Examinees have voluntarily provided the requested information.

### RESERVATION OF RIGHTS

25.     Glencore reserves all rights to seek further discovery of the Examinees pursuant to Bankruptcy Rule 2004 or otherwise, including to conduct witness examinations. Glencore further reserves its rights to seek discovery pursuant to Bankruptcy Rule 2004 with respect to all other parties, as appropriate.

### NOTICE AND NO PRIOR REQUEST

26.     Notice of this Motion has been provided to: (a) the Examinees; (b) the U.S. Trustee; and (c) those parties that have requested notice in the Chapter 7 Case. Glencore submits that, in light of the nature of the relief requested, no other or further notice need be provided.

27.     No prior application for the relief requested in this Motion has been made to the Court or any other court.

## CONCLUSION

WHEREFORE, for the reasons discussed herein, Glencore respectfully requests that the Court enter an order, substantially in the form attached as **Exhibit A**, (a) granting the Motion in its entirety, (b) directing the Examinees to appear for examination by Glencore in connection with the subject matters for examination set forth in **Exhibit B**, (c) directing the Examinees to produce the documents set forth in **Exhibit C**, and (d) granting such other and further relief as is just and proper.

Dated: April 11, 2023

By: */s/ Jacques Semmelman, Esq.*
KATTEN MUCHIN ROSENMAN LLP
Jacques Semmelman, Esq.
V.I. Bar No. 2180
50 Rockefeller Plaza
New York, NY 10020
Tel: 212-940-6789
Email: jacques.semmelman@katten.com

-and-

Douglas L. Capdeville, Esq.
V.I. Bar No. 284
2107 Company Street, Suite 2
Christiansted, St. Croix, VI 00822
Tel : 340-773-7275
Fax : 340-773-7996
Email : videfense@capdevillelaw.com

*Counsel for Petitioning Creditor Glencore Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2023, I caused a true and correct copy of the foregoing to be served on all counsel of record via the CM/ECF filing system.

*/s/ Jacques Semmelman, Esq.*
*Counsel for Petitioning Creditor Glencore Ltd.*