**THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF THE VIRGIN ISLANDS
ST. CROIX, VIRGIN ISLANDS**

| | |
|---|---|
| IN RE COSMOGONY II, INC., <br><br> Involuntary Debtor. | Case No. 1:22-bk-10001-MFW <br> Involuntary Chapter 7 <br> Ref. No. __99__ |

**ORDER GRANTING PETITIONING CREDITOR GLENCORE LTD.'S MOTION
FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004
DIRECTING APPEARANCE FOR ORAL EXAMINATION
AND PRODUCTION OF DOCUMENTS AND MATERIALS**

Upon *Petitioning Creditor Glencore Ltd.'s Motion For Entry of an Order Pursuant to Bankruptcy Rule 2004 Directing Appearance for Oral Examination and Production of Documents and Materials* (the "Motion");[1] and the Court have jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C.§§ 157 and 1334; and upon consideration of the Motion; and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court finding that adequate notice of the Motion having been given; and it appears that no other or further notice need be given; and upon the record of any hearing held to consider the relief requested in the Motion; and this Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn, resolved, or overruled on the merits; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

2. Glencore is authorized under Bankruptcy Rule 2004 to issue subpoenas to any or all of the Examinees for the production of documents, electronically stored information, or tangible things, including those responsive to the Requests.

3. Each of the Examinees is directed to appear for oral examination regarding the subject matters in <u>Exhibit B</u> to the Motion, with such examination to take place virtually via Zoom on a date to be set by Glencore's counsel.

4. Each of the Examinees is directed to produce all documents to Glencore's counsel requested in <u>Exhibit C</u> to the Motion, within thirty (30) days of entry of this Order and shall deliver such documents or other responses to the attention of Douglas L. Capdeville, Esq., 2107 Company Street, Suite 2, Christiansted, St. Croix, VI 00822, and Eliot Lauer, Esq. and Jacques Semmelman, Esq., Katten Muchin Rosenman, 50 Rockefeller Plaza, New York, NY 10020.

5. Glencore's rights are reserved to request additional discovery and/or examination from the Examinees or any other persons, including, without limitation, requests based on any information that may be revealed as a result of the discovery authorized pursuant to this Order.

6. This Order is without prejudice to the right of Glencore to seek further discovery pursuant to Bankruptcy Rule 2004 or otherwise of any other person or entity.

7. Glencore is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8. The terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

9. This Court retains exclusive jurisdiction to resolve any disputes arising under or related to this Order, including any disputes that may arise between or among Glencore and the Examinees, and to interpret, implement, and enforce the provisions of this Order.

SO ORDERED.

Dated: May 25, 2023

THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

## Exhibit B

**Subject Matters for Examination**

## DEFINITIONS

The following definitions apply to all of the topics of examination identified herein. Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common and ordinary sense.

1. "**Any**," "**each**," "**and**," and "**or**," shall denote the use of the singular and plural forms.

2. "**Assets**" means both real assets and intangible assets, including real property, intellectual property, good will, contracts, obligations, guarantees, liens, inventory, debt or equity securities, debt instruments, cash, and cash equivalents.

3. "**Communications**" means and includes all oral and written communications of any nature, type or kind including, but not limited to, any Documents (as defined herein), telephone conversations, discussions, meetings, facsimiles, e-mails, pagers, memoranda, and any other medium through which any information is conveyed or transmitted.

4. "**Concerning**" means discussing, commenting on, referring to, relating to, regarding, constituting, comprising, containing, evidencing, setting forth, showing, disclosing, describing, explaining, summarizing, reflecting, mentioning, or in any way logically or factually connected with the matter discussed.

5. "**Cosmogony**" means Cosmogony II, Inc. and all affiliated entities and predecessors and successors in interest.

6. "**Document**" means and includes all written, recorded, transcribed, or graphic matter of every nature, type, and kind, however and by whoever produced, reproduced, disseminated or made. This includes, but is not limited to, any and all originals, copies or drafts of any and all of the following: electronically stored information; papers; books; letters;

correspondence; telegrams; cables; telexes; messages; memoranda; notes; notations; transcripts; minutes; reports; recordings of telephone conversations; any other recordings; interviews; affidavits; declarations; statements; summaries; studies; analyses; evaluations; appraisals; estimates; projections; charts, graphs, and tables; schedules; proposals; offers; acceptances; purchase orders; invoices; contracts; agreements; checks and canceled checks; bills of lading; insurance binders, policies or certificates; receipts; statements; pamphlets; diagrams; statistical records; any other records; calendars; appointment books; diaries; lists; tabulations; any information contained in any computer tape, card, disk, drive, program or other device; computer print-outs; CDs; videotapes; DVDs; facsimiles; emails; microfilm; microfiche; any other tangible or intangible thing or item that contains any information; and, all "writings and recordings" and "photographs" (and all negatives thereof) as defined in and by the Federal Rules of Evidence 1001. Any Document that contains any comment, notation, addition, insertion or marking of any type or kind which is not part of another Document, is to be considered a separate Document.

7. "**GAIPR**" means General Accident Insurance Co. PR Ltd. and all affiliated entities.

8. "**GEC**" means General Engineering Corporation.

9. "**IMS**" means IMS Insurance Company of Puerto Rico, Inc. and all affiliated entities and successors in interest.

10. "**Pate**" means Russel Pate, Esq. of The Pate Law Firm.

11. "**Pate Law**" means The Pate Law Firm, P.O. Box 370, Christiansted, V.I. 00821-0370.

12. "**Person**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

3

13. "**Policy**" means that certain insurance policy purportedly issued to General Engineering Corporation by General Accident Insurance Co. PR Ltd. in 1991.

14. "**Refinery**" means the Alumina Refinery on St. Croix, which was owned and operated by the Virgin Islands Alumina Company.

15. "**You**", "**Your**", and "**Yours**" means, as applicable, (a) the BC Litigants; (b) Russell Pate, counsel to the plaintiffs in the Lawsuits, including the BC Litigants; (c) John Wessel, former president of Cosmogony; (d) W. Bruce Cole, counsel to Mr. Wessel; (e) General Accident Insurance Company of Puerto Rico Ltd. and any affiliated entities and successors in interest, as the alleged insurer under the Policy; and (f) Glorimar Santiago, Auxiliary Commissioner of the Puerto Rico Insurance Commissioner's Office.

## INSTRUCTIONS

16. The preceding Definitions apply to these Instructions and each of the succeeding Topics of Examination.

17. Unless specifically stated otherwise, the time period for these Topics of Examination is 1989 to the date hereof.

18. The use of the present tense includes the past tense, the use of the past tense shall include the present tense, and the use of any verb in any tense shall be construed as including the use of that verb in all other tenses.

19. Words and phrases not defined shall have their ordinary and plain meaning within the context of the Federal Rules of Civil Procedure and in accordance with the generally accepted meaning accorded such words and phrases in everyday use in the English language.

20. Where You object to any Topic of Examination, the objection shall state all grounds for objection. Notwithstanding any objections, You shall nonetheless comply fully with the other parts of the Topic of Examination not the subject of any objection.

21. Glencore reserves the right to request additional topics of examination as needed, provided, further, that they expressly reserve their rights to supplement or amend the Topics of Examination.

## **TOPICS OF EXAMINATION**

22. Your knowledge Concerning the Policy and related Documents, including but not limited to, (a) the Policy's existence and continued effectiveness, (b) any coverage limits thereunder, and (c) any other policies held in favor of Cosmogony and its affiliated entities.

23. Your knowledge Concerning any and all other Assets of Cosmogony.

24. Your knowledge Concerning Communications between Pate or any other Person acting on behalf of Pate Law and any insurers providing coverage to GEC, Cosmogony, or any affiliated entities and predecessors or successors in interest.

25. Your knowledge Concerning the Commissioner's participation in the formation, liquidation, and dissolution of GAIPR, IMS, or any affiliated entities and predecessors or successors in interest.

26. Your knowledge Concerning certificates of dissolution, corporate resolutions, certificates of incorporation, certificates of good standing, documents pertaining to a dissolution proceeding, or change of name certificates with respect to GAIPR, IMS, or any affiliated entities and predecessors or successors in interest.

27. Your knowledge Concerning a certification of "claims made" policies related to Cosmogony, GEC, or any affiliated entities and predecessors or successors in interest, along with an explanation of measures taken to protect the policyholders.

28. Your knowledge Concerning an explanation of measures taken by the Commissioner to protect the policyholders of the insurance policies of IMS that were not assigned to Seguros Triple S, Inc. or any affiliated entities or successors in interest.

29. Your knowledge Concerning whether the Commissioner retained Assets of GEC, Cosmogony, or any affiliated entities and predecessors or successors in interest in a liquidation trust for future claimants and how any dissolution of GAIPR, IMS, or any affiliated entities and predecessors or successors in interest was handled.

30. Your knowledge Concerning how the rules governing the dissolution process of GAIPR, IMS, or any affiliated entities and predecessors or successors in interest protect policy holders, as well as steps taken by the Commissioner in the dissolution of GAIPR, IMS, or any affiliated entities and predecessors or successors in interest.

31. Your knowledge Concerning whether the corporate entities of GAIPR, IMS, or any affiliated entities and predecessors or successors in interest still exist for any legal purpose, including whether they can sue or be sued.

32. Your knowledge Concerning any work or services performed by Cosmogony or GEC at or for the Refinery in each of the following years: 1989; 1990; 1991; 1992; 1993; 1994; and 1995; as well as any Documents that would have been required to provide indemnity, insurance, or other security with respect to such work or services for each of the above-listed years.

## Exhibit C

**Request for Production of Documents**

1

## DEFINITIONS

The following definitions of terms apply to all of the Document Requests. Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1. "**Any**," "**each**," "**and**," and "**or**," shall denote the use of the singular and plural forms.

2. "**Assets**" means both real assets and intangible assets, including real property, intellectual property, good will, contracts, obligations, guarantees, liens, inventory, debt or equity securities, debt instruments, cash, and cash equivalents.

3. "**Commissioner**" means the Puerto Rico. Insurance Commissioner's Office.

4. "**Communication**" means the transmittal of information (in the form of facts, ideas, inquiries, emails, or otherwise). For the avoidance of doubt, this may encompass any oral, written, or electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, e-mail messages, text messages, online chat messages, presentations, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, conferences, seminars, messages, notes, video tapes, photographs, or other media of any kind.

5. "**Concerning**" means discussing, commenting on, referring to, relating to, regarding, constituting, comprising, containing, evidencing, setting forth, showing, disclosing, describing, explaining, summarizing, reflecting, mentioning, or in any way logically or factually connected with the matter discussed.

6. "**Cosmogony**" means Cosmogony II, Inc. and all affiliated entities and predecessors and successors in interest.

7. "**Document**" incorporates by reference the phrase "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A) and shall have the broadest definition and scope permissible. This definition includes, but is not limited to, all writings, drawings, graphs, charts, photographs, sound recordings, images, electronically stored information, and other data or data compilations, including each and every draft and non-identical copy thereof (whether by reason of revisions, notations made thereon, or otherwise). It also includes documents stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

8. "**GAIPR**" means General Accident Insurance Co. PR Ltd. and all affiliated entities.

9. "**GEC**" means General Engineering Corporation and all affiliated entities and successors in interest.

10. "**IMS**" means IMS Insurance Company of Puerto Rico, Inc. and all affiliated entities and successors in interest.

11. "**Pate**" means Russel Pate, Esq. of The Pate Law Firm.

12. "**Pate Law**" means The Pate Law Firm, P.O. Box 370, Christiansted, V.I. 00821-0370.

13. "**Policy**" means that certain insurance policy purportedly issued to General Engineering Corporation by General Accident Insurance Co. PR Ltd. in 1991.

14. "**Refinery**" means the Alumina Refinery on St. Croix, which was owned and operated by the Virgin Islands Alumina Company.

15. **You**", "**Your**", and "**Yours**" means, as applicable, (a) the BC Litigants; (b) Russell Pate, counsel to the plaintiffs in the Lawsuits, including the BC Litigants; (c) John Wessel, former president of Cosmogony; (d) W. Bruce Cole, counsel to Mr. Wessel; (e) General Accident

3

Insurance Company of Puerto Rico Ltd. and any affiliated entities and successors in interest, as the alleged insurer under the Policy; and (f) Glorimar Santiago, Auxiliary Commissioner of the Puerto Rico Insurance Commissioner's Office.

## **INSTRUCTIONS**

16. The preceding Definitions apply to these Instructions and each of the succeeding Document Requests.

17. Unless specifically stated otherwise, the time period for these Document Requests is 1989 to the date hereof.

18. The use of the present tense includes the past tense, the use of the past tense shall include the present tense, and the use of any verb in any tense shall be construed as including the use of that verb in all other tenses.

19. Words and phrases not defined shall have their ordinary and plain meaning within the context of the Federal Rules of Civil Procedure and in accordance with the generally accepted meaning accorded such words and phrases in everyday use in the English language.

20. Each Document Request is continuing in nature. If at any time additional Documents responsive to the Document Requests come into Your possession, custody, or control or are brought to Your attention, prompt supplementation of Your response to these Document Requests is required.

21. To the extent You refuse to produce any Document on grounds of privilege or attorney work-product, You must identify the nature of the privilege claimed; identify the type of document and date of the document; identify with sufficient particularity the author(s), addressee(s), recipient(s), and contents; and identify the factual basis for the claim of privilege.

22. Where You object to any Request, the objection shall state all grounds for objection. Notwithstanding any objections, You shall nonetheless comply fully with the other parts of the request not the subject of any objection.

23. You shall produce all Documents in the manner in which they are maintained in the ordinary course of Your business, and/or You shall organize and label the Documents to correspond with the categories in this request. Documents attached to each other shall not be separated.

24. You shall produce all Documents in TIFF format with OCR images. You shall produce all Documents with metadata, including but not limited to the date created/sent, author, recipients, cc-copies, and bcc-blind copies.

25. In the event that any Document has been lost, destroyed, discarded, or otherwise disposed of, You shall identify that Document by (i) its author(s); (ii) all persons to whom it was distributed or shown; (iii) date; (iv) subject matter; (v) attachments or appendices; (vi) the date, manner, and reason for destruction or other disposition; and (vii) the person authorizing destruction or other disposition.

26. In producing Documents and other materials, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of whether such Documents or materials are possessed by You directly.

27. Glencore reserves the right to request additional Documents as needed and to submit additional or supplemental document requests, provided, further, that they expressly reserve their rights to supplement or amend the Document Requests.

## REQUESTS FOR PRODUCTION

28.     All Documents and Communications Concerning the Policy, including a copy of the Policy and any Documents Concerning whether the Policy is still effective.

29.     All Documents and Communications Concerning Cosmogony's Assets, including but not limited to any other insurance policies held in favor of Cosmogony, GEC, or any affiliated entities and predecessors or successors in interest.

30.     A list of all entities to whom GAIPR or any successors in interest transferred insurance policies, along with copies of the applicable transfer contracts.

31.     All Documents Concerning Communications between Pate or any other Person acting on behalf of Pate Law and any insurers providing coverage to GEC, Cosmogony, or any affiliated entities and predecessors or successors in interest.

32.     All Documents and Communications Concerning the Commissioner's participation in the formation, liquidation, and dissolution of GAIPR, IMS, and any affiliated entities and predecessors or successors in interest.

33.     All Documents and Communications Concerning certificates of dissolution, corporate resolutions, certificates of incorporation, certificates of good standing, documents pertaining to a dissolution proceeding, or change of name certificates with respect to GAIPR, IMS, or any affiliated entities and predecessors or successors in interest.

34.     All Documents and Communications Concerning a certification of "claims made" policies related to Cosmogony, GEC, or any affiliated entities and predecessors or successors in interest, along with an explanation of measures taken to protect the policyholders.

35.     All Documents and Communications Concerning an explanation of measures taken by the Commissioner to protect the policyholders of the insurance policies of IMS that were not

assigned to Seguros Triple S, Inc. or any affiliated entities and predecessors or successors in interest.

36.     All Documents and Communications Concerning whether the Commissioner retained Assets of GEC, Cosmogony, or any affiliated entities and predecessors or successors in interest in a liquidation trust for future claimants and how any dissolution of GAIPR, IMS, and any affiliated entities and predecessors or successors in interest was handled.

37.     All Documents and Communications Concerning how the rules governing the dissolution process of GAIPR, IMS, and any affiliated entities and predecessors or successors in interest protect policy holders, as well as steps taken by the Commissioner in the dissolution of GAIPR, IMS, or any affiliated entities and predecessors or successors in interest.

38.     All Documents and Communications Concerning whether the corporate entities of GAIPR, IMS, or any affiliated entities and predecessors or successors in interest still exist for any legal purpose, including whether they can sue or be sued.

39.     All Documents and Communications Concerning any work or services performed by Cosmogony or GEC at or for the Refinery in each of the following years: 1989; 1990; 1991; 1992; 1993; 1994; and 1995; as well as any Documents that would have been required to provide indemnity, insurance, or other security with respect to such work or services for each of the above-listed years.