**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF THE VIRGIN ISLANDS**
**ST. CROIX, VIRGIN ISLANDS**

| | |
|---|---|
| IN RE COSMOGONY II, INC.,<br><br>Involuntary Debtor. | Case No. 1:22-bk-10001-MFW<br><br>Involuntary Chapter 7 |

**GLENCORE LTD.'S OBJECTION**
**TO THE CHAPTER 7 TRUSTEE'S REPORT OF NO DISTRIBUTION**

Petitioning creditor Glencore Ltd. ("Glencore"), by and through undersigned counsel, respectfully submits this objection (the "Objection") to the *Chapter 7 Trustee's Report of No Distribution* (the "Trustee's Report"), filed on October 14, 2025.

**INTRODUCTION**

On March 21, 2025, this Court entered an Order (ECF No. 147) approving a stipulation (ECF No. 143) (the "Court-Ordered Stipulation") under which the BC Litigants[1] undertook to enforce obligations of certain insurance carriers to the bankruptcy estate. As of the date hereof, there has been no indication that the BC Litigants have filed any lawsuits or taken any other steps to enforce the carriers' obligations to the estate. The Court has scheduled a hearing on December 18, 2025, to determine whether to schedule a status conference and order the BC Litigants to deliver a report in advance of that conference, setting forth their efforts and any results. Accordingly, it would be premature for the Court to find that the estate has been fully administered and that the Trustee should be discharged.

---

[1] Except as otherwise defined herein, capitalized terms used in this Objection shall have the meaning ascribed to them in the Court-Ordered Stipulation.

1

## BACKGROUND

1. On March 18, 2025, at the request of Burns Charest LLP on behalf of certain clients (collectively, the "BC Litigants"), this Court held a status conference to discuss a stipulation among Kevin D'Amour, the chapter 7 trustee in the above-captioned bankruptcy case (the "Trustee"), the BC Litigants, and Glencore, regarding the potential assignment of the Debtor's insurance policies to the BC Litigants. (ECF No. 141.)

2. On March 21, 2025, following that status conference, the BC Litigants filed a *Stipulation Regarding Assignment of Insurance Policies* (the "Stipulation"). (ECF No. 143.)

3. The Stipulation identifies (by insurance carrier, policy number, and dates of coverage) eight insurance policies in which the estate potentially has an interest, and assigns them to the BC Litigants. (Stipulation ¶ 1.)

4. By its terms, "[t]he assignment is made without consideration to the bankruptcy estate, solely for the purpose of conferring standing on the assignees [the BC Litigants], to enable them to enforce the obligations of the insurance carriers to the bankruptcy estate." (*Id*. ¶ 2.)

5. The Stipulation requires that "[a]ny monetary recovery by settlement or judgment from the various insurance carriers or policies shall be deposited in the Bankruptcy Court's registry" and that "[a] determination as to which interested parties or creditors shall receive distribution of the funds shall be determined at a future date, if there is any recovery." (*Id*. ¶ 3.)

6. On August 27, 2025, the BC Litigants filed a *Request for Ruling on a Stipulated Order*. (ECF No. 146.)

7. On September 2, 2025, the Court entered the Court-Ordered Stipulation, which approved the Stipulation. (ECF No. 147.)

8. No report has been filed by the BC Litigants indicating if, and in what manner, the BC Litigants, specifically armed with standing "to enforce the obligations of the insurance carriers to the bankruptcy estate," have undertaken to enforce those obligations. The record is bereft of any such information, which necessarily would be solely in the possession of the BC Litigants and their counsel.

9. On September 15, 2025, Glencore filed a *Motion to Schedule Status Conference, and to Require BC Litigants to File Status Report and Proofs of Claim* (the "Motion").[2] (ECF No. 151.)

10. On September 15, 2025, the BC Litigants filed a *Response to Glencore's Motion for a Status Conference* (the "Response").[3] (ECF No. 153.)

11. In their Response, the BC Litigants agreed "[a] status conference would be helpful." (Response at 1.)

12. The BC Litigants further agreed to report on any actions filed by them against any insurance carriers, and reported that "attorneys for the BC Litigants are evaluating whether to file motions to amend the complaints in the various actions pending in the Superior Court of the Virgin Islands; or potentially, to file independent new actions." (*Id*. at 3.)

13. Glencore's Motion remains pending, with a hearing scheduled for December 18, 2025.

14. On September 15, 2025, the BC Litigants filed Proofs of Claim for 138 individual plaintiffs, in the total amount of $138 million. (Response, Ex. 1.)

15. On October 14, 2025, the Trustee filed the Trustee's Report, stating:

---

[2] Glencore originally filed its Motion on September 3, 2025 (ECF No. 148) but was asked to refile due to an inadvertent docketing error.
[3] The BC Litigants originally filed their Response on September 8, 2025 (ECF No. 149) but were asked to refile due to a docketing error.

3

> I, Kevin F. D'Amour, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 36 months. Assets Abandoned (without deducting any secured claims): $ 0.00, Assets Exempt: Not Available, Claims Scheduled: $ 0.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 0.00.

The Trustee's Report makes no reference to any effort by the BC Litigants to pursue the insurance carriers for the benefit of the estate. There is no indication that the BC Litigants have even commenced, much less exhausted, reasonable efforts to pursue the insurance carriers for the benefit of the estate.

**ARGUMENT**

16.    Bankruptcy Rule 5009 provides that "[t]he estate in a Chapter 7 . . . case is *presumed* to have been fully administered when: (1) the trustee has filed a final report and final account and has certified that the estate has been fully administered; and (2) within 30 days after the filing, no objection to the report has been filed by the United States trustee or a party in interest." Fed. R. Bankr. P. 5009(a) (emphasis added). "[T]he purpose of the final report is to establish a presumption of full administration of the estate, and once said presumption arises, the case is *capable* of being closed. It does not mean that the case *must* be closed." *In re Potter*, 2020 WL 6928782, at *18 (Bankr. S.D. Ill. 2020) (citation omitted; emphasis in original). "[A]n estate can not be fully administered while there are outstanding motions, contested matters, or adversary proceedings pending before the court." *In re Kliegl Bros. Universal Elec. Stage Lighting Co.*, 238 B.R. 531, 546 (Bankr. E.D.N.Y. 1999).

4

17. Per the terms of the Stipulation, and in light of the upcoming December 18 hearing on Glencore's outstanding Motion, the estate has not been fully administered.

18. The Stipulation expressly recognizes that specific insurance carriers may be holding assets in which the estate has an interest. The Stipulation requires any monetary recovery from the insurance carriers to be deposited in the Court's registry, and a determination as to which interested parties or creditors shall receive distribution of the funds to be determined at a future date. (Stipulation ¶ 3.) As noted above, the BC Litigants have not filed any report with this Court indicating what efforts, if any, they have made toward fulfilling their commitment under the Stipulation.

19. Closing the case prior to completion of that process would be incompatible with the plain language and purpose of the Stipulation. The case should not be closed without providing a reasonable time for the BC Litigants to implement their promised efforts to pursue the insurance carriers, and to file a report on their efforts.

## CONCLUSION

WHEREFORE, Glencore respectfully requests that the Court (i) find the estate has not been fully administered; and (ii) allow the case to remain open to resolve Glencore's pending Motion, and enable the BC Litigants to report on their efforts and the results of their promised pursuit of the insurance carriers.

Dated: November 10, 2025

By: */s/ Eliot Lauer*
KATTEN MUCHIN ROSENMAN LLP
Jacques Semmelman, Esq.
V.I. Bar No. 2180
Eliot Lauer, Esq.
*Admitted pro hac vice*
50 Rockefeller Plaza

New York, NY 10020
Tel: (212) 940-6789
jacques.semmelman@katten.com
eliot.lauer@katten.com

Douglas L. Capdeville, Esq.
V.I. Bar No. 284
2107 Company Street, Suite 2
Christiansted, St. Croix, VI 00822
Tel: (340) 773-7275
Fax: (340) 773-7996
videfense@capdevillelaw.com

*Counsel for Petitioning Creditor Glencore Ltd.*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2025, I caused a true and correct copy of the foregoing document to be served via CMECF on all counsel of record:

**KEVIN F. D'AMOUR, P.C.**
Kevin F. D'Amour (V.I. Bar No. 288)
5143 Palm Passage, Suites 18B & 19B
Charlotte Amalie, St. Thomas
U.S. Virgin Islands 00802
Telephone: (340) 774-8188
Facsimile: (340) 774-8189
kevin.damour@comcast.net

*CHAPTER 7 TRUSTEE*

**THE PATE LAW FIRM**
J. Russell B. Pate
P.O. Box 370
Christiansted, VI 00821-0370
340-777-7283
pate@sunlawvi.com

**BURNS CHAREST LLP**
Warren T. Burns
Daniel H. Charest
900 Jackson Street, Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
wburns@burnscharest.com
dcharest@burnscharest.com

Korey A. Nelson
H. Rick Yelton
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765
knelson@burnscharest.com
ryelton@burnscharest.com

*COUNSEL FOR THE BC LITIGANTS*